NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION** at **ASHLAND**

CIVIL ACTION NO. 07-CV-52-JMH

ALGIE McCRARY                                                                 PLAINTIFF,

VS:                      **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, ET AL.                                                    DEFENDANTS.

\*\*\*      \*\*\*      \*\*\*      \*\*\*      \*\*\*

Plaintiff Algie McCrary ("McCrary") has submitted a *pro se* civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The Court has granted McCrary's motion to proceed *in forma pauperis* under 28 U.S.C. §1915 [Record No. 5] by separate Order.

The Court screens *in forma pauperis* complaints pursuant to 28 U.S.C. §1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As McCrary is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails

to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2).

## BACKGROUND

On March 6, 2003, McCrary was convicted by a jury of conspiracy to commit and commission of identity theft and social security number fraud in violation of 18 U.S.C. §§371, 1028(a)(7) and 42 U.S.C. § 408(a)(7).  On August 1, 2003, McCrary was sentenced to an 85-month term of incarceration to be followed by a 3-year term of supervised release, and was ordered to pay $191,000 in restitution.  McCrary remained free until the Eleventh Circuit affirmed his conviction on appeal on June 2, 2004.  The trial court subsequently denied his motion filed under Section 2255 to vacate his conviction.  *United States v. McCrary*, 02-CR-633, Northern District of Georgia [Record Nos. 70, 83, 84, 103, 112].

On August 4, 2004, McCrary surrendered to the custody of the Bureau of Prisons ("BOP") and was placed at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"). McCrary was examined by medical staff upon his arrival, at which time he expressed his desire and need for specialized medical attention to address problems related to a back injury which caused him to remain persistently hunched forward.  After an examination by medical staff failed to provide any objective evidence for his condition, McCrary was told, in essence, that he was a "malingerer" and that his problems were psychosomatic rather than physical. McCrary was also given over-the-counter medication to address tooth pain and acid stomach, but he alleges these were insufficient to treat these conditions.

In his complaint, McCrary details a number of episodes which occurred over the next three months where he was mocked by staff or other prisoners, either because of his physical conditions or because of their belief that he was fabricating the conditions in order to receive special treatment. McCrary also indicates that he was placed in administrative segregation after he underwent a medical procedure and remained there for several months, where the sanitation was very poor and where staff and other inmates continued to belittle him.

On February 28, 2005, McCrary was transferred to the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), where he indicates conditions were appropriate for disabled persons and he was treated with respect. McCrary does not assert any claims based upon his time spent in custody at FMC-Lexington.

He remained there until May 31, 2006, when he was returned to FCI-Ashland. Upon his return, he immediately consulted with the warden and medical staff about being returned to FMC-Lexington, but was told that his condition had been reviewed and staff had determined that he was going to remain at FCI-Ashland. McCrary alleges that once again staff mocked him, did not take his "disability" seriously, and on a number of occasions refused to assist him with walking or going up a staircase, where his limited balance made the trip perilous.

On July 26, 2006, McCrary indicates that he fell leaving the cafeteria, injuring his head, shoulder, hip, and leg. He was immediately seen by medical staff member Daming, who provided him with over-the-counter pain medication, bandaged some wounds, and

subsequently took X-rays. McCrary alleges Daming vastly underestimated the severity of his injuries and therefore failed to adequately treat him. McCrary further alleges that after this episode, he began to experience muscle spasms, memory loss, and slurred speech, none of which were addressed by medical staff.

On November 14, 2006, McCrary indicates that he fell down some stairs, but thereafter Mr. Daming only gave him ibuprofen, which did not adequately address his pain. McCrary asserts that thereafter he became afraid to walk up stairs without assistance. On a number of occasions he asked for assistance from medical staff members Frazee, McNeal, Waugaman, Sanchez and Walker, but they refused to assist him.

McCrary attached to his complaint copies of grievance forms he filed with the BOP regarding his treatment after his November 14, 2006 fall as well as the BOP's responses thereto. Those forms collectively indicate that he has exhausted this claim up to and including a final denial by the BOP's Central Office for inmate appeals. McCrary has not included documentation regarding exhaustion of any other claim. Shortly after the Central Office's denial of his grievance, McCrary filed the present lawsuit against 30 different prison officials, each in their individual and official capacity.

## DISCUSSION

With respect to any claim arising out of McCrary's initial stay at FCI-Ashland from August 4, 2004, to February 28, 2005, these claims are barred by the applicable statute of limitations. Because civil rights claims arising under Section 1983 or *Bivens*

are not governed by a specific federal statute of limitations, federal courts "borrow" the most analogous statute of limitations from the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Kentucky law accordingly supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Because these claims accrued at least two years before McCrary filed his complaint in this action, they are time-barred.

McCrary asserts that upon his return to FCI-Ashland, he was mocked or belittled by staff because they believed he was faking his physical condition. This conduct does not constitute an independent violation of the Eighth Amendment as a matter of law. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (verbal abuse by a prison guard does not give rise to a cause of action under § 1983); 42 U.S.C. §1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

McCrary alleges that he fell on two separate occasions, on July 26, 2006, and November 14, 2006, and that the medical care he received was grossly deficient. Although he does not expressly and clearly allege that the prison medical staff intended to provide

him with care that was seriously inadequate, taken in their totality his statements are sufficient to infer an allegation that some of the defendants were deliberately indifferent to his serious medical needs. It is unclear from the present record whether McCrary exhausted his administrative remedies with respect to his July 2006 injury, but he appears to have exhausted those remedies with respect to his claims arising out of his November 2006 injury. Accordingly, the Court will direct the Clerk of the Court to issue summons with respect to these claims. While McCrary has named 30 individuals as defendants in this action, only defendants Daming, Frazee, McNeal, Waugaman, Sanchez and Walker appear to have had any personal involvement relevant to these claims as required for liability to attach; all other defendants will be dismissed from this action.

McCrary has filed a motion seeking the appointment of counsel pursuant to 28 U.S.C. 1915(e) [Record No. 4]. As grounds for his motion, McCrary alleges that he lacks the financial resources to hire counsel and that his incarceration will substantially inhibit his ability to effectively prosecute his claims on his own behalf. In determining whether to appoint counsel for an indigent plaintiff, the Sixth Circuit has explained,

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The trial court exercises its discretion in evaluating these factors, and its

decision will be reversed "only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

Courts in the Sixth Circuit do not appoint counsel for indigent and *pro se* prisoners in civil cases absent truly extraordinary circumstances.  *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996).

There are no exceptional circumstances in this case that would warrant an appointment of counsel.  Plaintiff's claim appears to be a straightforward claim which does not present unusual or complex issues in this action.  Having considered the matter, Plaintiff's motion for the appointment of counsel will be denied.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Plaintiff McCrary's motion to appoint counsel [Record No. 4] is **DENIED**.

(2)  The claims against defendants Brian Patton; Zimmerman; Krista Rear; Frank Brickey; Captain Ellis; Dr. Wagner; Dr. Gomez; Mr. Porter; Mr. Ramsey; Mr. Bradley; Mr. Chaney; Mrs. White; Mr. Raudebaugh; Todd Gibson; Mr. M. Minor; Sharon Maynard; Ms. Cline; Mr. Dean; Mr. Sloan; Mr. Thompson; Mr. Moore; Kimberly Bloom; Ms. Kite; and Mr. Smith are **DISMISSED** with **PREJUDICE**.

(3) The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949

7

(6th Cir. 1997).

(4) The Ashland Clerk shall prepare summonses for Defendants Daming, Frazee, McNeal, Waugaman, Dr. Traci Sanchez, Rena Walker, and the Bureau of Prisons.

(5) The Ashland Clerk shall also complete the requisite number of USM Form(s) 285, if any are required. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(6) The Ashland Clerk shall also prepare eight (8) sets of documents, each set consisting of copies of the summons, the complaint, and the instant Memorandum Opinion and Order. One set each shall be prepared for service upon Defendants Daming, Frazee, McNeal, Waugaman, Dr. Traci Sanchez, and Rena Walker at FCI-Ashland, as well as upon the Bureau of Prisons and the United States Attorney for the Eastern District of Kentucky.

(7) After the Ashland Clerk has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's Office in Lexington, Kentucky.

(8) The Ashland Clerk shall enter the certified mail receipt into the instant record.

(9) The United States Marshal shall serve the copies of the summons, complaint, and this Order on the following: Defendants

8

Daming, Frazee, McNeal, Waugaman, Dr. Traci Sanchez, and Rena Walker at FCI-Ashland, as well as upon the Bureau of Prisons and the United States Attorney for the Eastern District of Kentucky. Service shall be made by certified mail, return receipt requested.

(10) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(11) The Clerk of the Court shall send a copy of this Order to the plaintiff at his current mailing address. If the plaintiff's mailing address changes, the plaintiff shall immediately so notify the Clerk of the Court by filing a notice of change of address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(12) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 6th day of June, 2007.

9

 **Signed By:**

*Joseph M. Hood*

**United States District Judge**